[No. 8897. Department One. November 21, 1910.]

B. C. BREEDEN *et al.*, *Respondents*, v. SEATTLE, RENTON, & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

CARRIERS—NEGLIGENCE—SETTING DOWN PASSENGERS—EVIDENCE—SUFFICIENCY. The negligence of a street railway company in starting a car while a woman sixty-five years old was alighting at a regular stopping place, is for the jury, where it appears that the conductor knew that she wanted to get off at that place, that he left the car to deliver a mail sack, and on returning quickly, gave the signal to start the car, without noticing that the passengers were getting off.

CARRIERS—ACTIONS—ISSUES AND PROOF—IMMATERIAL VARIANCE. In an action for injuries sustained by a passenger in alighting from a street car, a variance as to the name of the street where the accident occurred is not material where no one was misled and no objection was made to the evidence.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,700 for injuries sustained by a woman sixty-five years of age, thrown to the ground by the starting of a street car, is not excessive, where it appears that she was injured internally and severely bruised on the head and hip, resulting in a slight paralysis, and had not fully recovered in eight months.

Appeal from a judgment of the superior court for King county, Gay, J., entered January 27, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger alighting from a street car. Affirmed.

*Morris B. Sachs*, for appellant.

*Charles H. Gray* and *Geo. McKay*, for respondents.

[1]Reported in 111 Pac. 771.

PARKER, J.—This is an action to recover damages for personal injuries alleged to have resulted to the plaintiff, Sarah F. Breeden, from the negligence of the defendant while she was a passenger upon one of its cars. A trial before the court and a jury resulted in a verdict and judgment in favor of the plaintiff in the sum of $1,700. The defendant has appealed.

The evidence was not free from conflict, but there was competent evidence sufficient to warrant the jury in believing the following: The appellant operates an electric railway between Seattle and Renton, Columbia being one of its intermediate stations. On April 20, 1909, Mrs. Breeden boarded one of appellant's cars in Seattle, intending to go to Columbia. The railway is on Rainier Boulevard at Columbia, crossing Edmunds street there, and about three hundred feet further south crossing Ferdinand street. The cars stop at Edmunds street, and also at a point a little north of Ferdinand street, the latter being the principal stopping place for that station. The post office is near the Edmunds street crossing, and when the mail is carried it is there taken from the car to the post office, as it was taken from the car with which we are here concerned.

Upon arriving at Edmunds street, the car stopped and several persons got off, Mrs. Breeden being the last to leave the car. Immediately upon the car stopping, the conductor ran from the front end of the car with the mail sack to the post office, returning quickly to the front end of the car. In the meantime several of the passengers were getting off at the rear end, opposite the post office side. When Mrs. Breeden was in the act of getting off at the rear, the conductor, having arrived upon the front platform, caused the motorman to start the car suddenly. This threw Mrs. Breeden to the ground, causing the injuries for which she seeks damages. The starting of the car while she was in the act of getting off is the negligence relied upon for recovery. Mrs. Breeden is sixty-five years old. The conductor knew she wanted to

get off at Columbia. The conductor claims that he did not see any of the passengers get off while the car was stopped there, and did not know Mrs. Breeden was attempting to get off when he told the motorman to go ahead; but we think the evidence of the surroundings was such as to warrant the jury in concluding that he would have known of her attempt to get off had he been exercising due care.

The principal contention of learned counsel for appellant is that the trial court erred in denying its motion for nonsuit, and in denying its motion for judgment upon its challenge to the sufficiency of the evidence, at the conclusion of all of the evidence. What we have already said relating to the evidence we think shows that the question of negligence on the part of appellant's servant was for the jury. Clearly, it could not be decided as a matter of law. It is equally clear that we cannot say, as a matter of law, that Mrs. Breeden was guilty of contributory negligence.

It is contended that there was a fatal variance between the allegations of the complaint and the proof. It was alleged that the injury occurred at Ferdinand street, while the proof showed it occurred at Edmunds street. The proof showed plainly that the place of the accident was well known to the defendant. All of its witnesses fixed the place of the accident at Edmunds street. Mrs. Breeden fixed it at the same place in her testimony, though she was evidently not very certain as to the name of the street. The variance was only in the name of the street, not in the real place. No one seemed to be uncertain in regard to that. Clearly, the appellant was not misled to its prejudice, and therefore the variance was immaterial, under § 299, Rem. & Bal. Code. No objections were made to the evidence introduced by respondents showing the place of the accident until the question of variance was raised in the motion for nonsuit, and even then the particular variance relied upon was not clearly pointed out. Other variance than that we have noticed was not of sufficient importance to require discussion.

It is contended that the verdict is excessive in amount, and was the result of prejudice and passion on the part of the jury. We cannot agree with this contention. There was evidence tending to show that she was injured internally; that she was severely bruised on the side of the head; that her hip was bruised, resulting in a slight paralysis; that there resulted a great deal of tenderness along the spine; that she had been under treatment by her physician continuously since the injury occurred, and had not recovered at the time of the trial, which was about eight months after the injury. Previous to the injury she was in good health.

We find no prejudicial error in the instructions given to the jury; and the requested instructions were given, in substance, so far as appellant was entitled to have them given. We conclude that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.